# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

THOMAS RENALDO JONES,

    Plaintiff,

vs.                                           Case No. 4:11cv642-MP/CAS

CAPTAIN COUNCE,
and SERGEANT A. REAMS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

       Defendants had filed a motion requesting the Court issue an order to the pro se Plaintiff requiring him to show cause why this case should not be dismissed for failure to prosecute. Doc. 32. Defendants explained that on November 28, 2012, Plaintiff was released from the Department of Corrections and provided an address upon release indicating he would be living at 1434 Kennedy Drive, Key West, Florida. *Id.* at 2.

       On December 29, 2012, a notice of appearance of counsel was filed with the Court and mailed to Plaintiff at the address he provided. *Id.* "On January 4, 2013, the United States Post Office returned the . . . notice of appearance to sender as undeliverable because Plaintiff was not located at the address that he listed as his residence upon release, and they were unable to forward it to a different address since it was not known." *Id.*

Defendants pointed out that in nearly every order issued in this case, Plaintiff was instructed to immediately file a notice to the Clerk's Office in the event that his address changes or he is transferred or released from custody. Doc. 32. Plaintiff did not comply with those orders. Indeed, the docket for this case still reflects that Plaintiff's address of record is at Taylor Correctional Institution. No mail has been received from Plaintiff since he was released from prison in late November, 2012.

Defendants' motion was granted, doc. 34, and an Order to Show Cause was sent to Plaintiff at his address of record.[1] Plaintiff was given until March 6, 2013, in which to demonstrate why this case should be continued in light of Plaintiff's failure to keep the Court[2] informed of his current address. Doc. 34. Plaintiff's copy of that Order, not surprisingly, has been returned as undeliverable. Doc. 38.

Plaintiff submitted service copies of his amended complaint in October 2012, doc. 24, and nothing has been received from him in five months. Plaintiff has not kept the Court informed of his address and it is apparent that Plaintiff has abandoned this litigation. A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991). Plaintiff has not demonstrated a desire to prosecute this case and it should now be dismissed.

---

[1] Defendants' motion demonstrated there was no need to send the Order to Plaintiff's purported address upon his release because he was not residing there. Doc. 32.

[2] Plaintiff would not have known to advise opposing counsel of his address because it does not appear that Plaintiff received the two notices of appearance of counsel considering he was released prior to the filing of the notices. Docs. 27, 30.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 22, be **DISMISSED without prejudice** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**